# Stewart v. Commonwealth

Oct. 31, 1950.

Watt M. Prichard, Judge.

P. H. Vincent, for appellant.

A. E. Funk, Attorney General, Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE CAMMACK—Affirming.

George Stewart was sentenced to 15 years' imprisonment on a charge of malicious shooting and wounding with intent to kill. Three months after his conviction he sought to have the judgment set aside. This appeal is from an order overruling the motion to vacate the judgment.

It is the contention of the appellant that he personally made no plea of guilty, but rather it was made by his attorney. He says also that he was not fully advised of the consequences of his act and that he was told he would not be given a sentence of more than two years in prison if he pleaded guilty.

The appellant stated in his affidavit in support of his motion that his attorney entered the plea of guilty for him. On the other hand, the Commonwealth's Attorney stated in his affidavit that Stewart did enter a plea of his guilt in person. The attorney who represented Stewart said in his affidavit that Stewart told him he desired to plead guilty; he told him the penalty, regardless of his plea, would be from two to 21 years; he would be surprised if the jury gave him much more than two years; and he did not induce Stewart to plead guilty and he did not tell him that he would get only two years. This attorney said further: ''I remember very distinctly Judge Prichard asking Stewart if his plea was guilty, and that Stewart replied in the affirmative.''

Section 173 of the Criminal Code of Practice provides that a plea of guilty can be entered only by the defendant himself in open court. The trial order recited that Stewart waived formal arraignment and entered a plea of guilty to the charge in the indictment. Whether Stewart actually entered the guilty plea in person was a question of fact. Judge Prichard presided at Stewart's trial and also heard the motion to vacate the judgment. While Stewart said he did not enter a plea of guilty himself, both his attorney and the Commonwealth's Attorney said that he did make such a plea. Under the circumstances we would not be warranted in reversing the judgment; though it does appear that Stewart was given a rather severe penalty.

Judgment affirmed.